# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES BLEVINS,

    Petitioner,

     -vs-

WARDEN, Ross Correctional Institution,

    Respondent.

:
:
:
:

Case No. 1:05-cv-038

Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This case is before the Court on Petitioner's Amended Motion for Discovery (Doc. No. 77).

The Motion was filed and served September 15, 2011, pursuant to the Court's Order of August 29, 2011 (Doc. No. 76) denying Petitioner's First Motion for Discovery without prejudice. During the telephone conference on August 29, 2011, Warden's counsel made clear his opposition to discovery and the Court accordingly noted in the Order that "Respondent will have the full amount of time provided by S. D. Ohio Civ. R. 7.2 to respond on the merits of any renewed motions." (Doc. No. 30 at PageID 1430.) The Warden's time to respond under S. D. Ohio Civ. R. 7.2 expired on October 11, 2011, and no response has been filed.

Mr. Blevins seeks the following discovery:

1.    Unspecified discovery to present facts to show excuse of his procedural default in failing to appeal from denial of his Ohio App. R. 26(B) Application to the Ohio Supreme Court. (Motion, Doc. No. 77, PageID 1435.)

2. To conduct depositions of trial counsel Cathy Adams and Jeffrey Whit and of appellate counsel Steve Wenke to show ineffective assistance of trial counsel in failing "to seek DNA testing of critical evidence and to present expert witness testimony to counter the DNA evidence presented by the state." (Motion, Doc. No. 77, PageID 1436).

3. DNA testing of "[s]everal swabs and a rubber glove containing specimens believed to contain DNA evidence were collected at the crime scene and were not tested for DNA." The testing is sought, as the Court reads the Motion,

   (1) to establish actual innocence sufficient to excuse procedural default of other claims per *Schlup v. Delo*, 513 U.S. 298 (1995);

   (2) to support his claim of ineffective assistance of trial counsel for his trial attorneys' failure to have these items tested;

   (3) to support his claim of prosecutorial misconduct in that the State did not have these items tested; and

   (4) apparently to support a freestanding claim of actual innocence. *Id.* at PageID 1439.

4. "[T]o depose the prosecutors and obtain the prosecutor's files in this matter to demonstrate that the state had information material to the defense that was not disclosed at trial." *Id.* at PageID 1440.

**Standard for Habeas Corpus Discovery**

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules

Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, *citing United States v. Armstrong*, 517 U.S. 456 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003)(*quoting Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974, (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id., citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S.

939 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Secondly, the Supreme Court identified circumstances which corroborated Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends

> support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id*. at 909. The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform the a district court's exercise of its discretion in granting discovery under Habeas Rule 6. The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

> The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim

> on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

*Turner v. Hudson*, Case No. 2:07-cv-595 (Decision and Order Granting in Part and Denying in Part Petitioner's Motion for Discovery, July 11, 2008).

**Analysis**

Petitioner's request for unspecified discovery to attempt to show cause and prejudice to excuse his default in appealing denial of his Rule 26(B) application is denied because Petitioner has not provided his own affidavit to show the facts known to himself which support this claim and Petitioner has not specified what additional discovery he seeks from whom.

Petitioner's request to depose his trial and appellate counsel is GRANTED. Petitioner should be aware that by charging those attorneys with ineffective assistance of counsel, he has waived the attorney-client communication privilege as to any communications relevant to the claims he has made. Counsel must inform Petitioner of this fact before proceeding with the depositions. Depositions of these attorneys shall be accomplished not later than December 1, 2011. Any depositions taken shall be promptly transcribed and filed.

The request to subject various seized items to DNA testing is finally denied in part and in part denied without prejudice to renewal on certain conditions.

The request for the evidence to prove actual innocence as a freestanding claim of constitutional error is denied because the United States Supreme Court has not recognized that claim.

The request for DNA testing for the other listed purposes is denied without prejudice to its renewal. The current difficulties with the request are that it does not state any evidence to support Mr. Blevins' claim that the testing will be exonerating. Once Petitioners' counsel have been deposed and asked questions relevant to this subject, the Court will at least have some basis outside of Petitioner's subjective beliefs for evaluating this claim. On any renewed request for DNA testing, Petitioner must propose a testing protocol.

Petitioner's request to depose the prosecutors and review their files is denied without prejudice to its renewal not later than October 24, 2011, with detail supporting Petitioner's belief that the files will include *Brady* material. In the absence of some such proof, the request is no more than a fishing expedition.

October 13, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge