# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES BLEVINS,

      Petitioner,

Case No. 1:05-cv-038

    -vs-

Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional Institution,

      Respondent.

## DECISION AND ORDER

This case is before the Court on Petitioner's Amended Motion for Discovery (Doc. No. 77). The Motion was originally granted in part and denied in part when Respondent failed to oppose it (Decision and Order, Doc. No. 78). Petitioner sought the following discovery:

1. Unspecified discovery to present facts to show excuse of his procedural default in failing to appeal from denial of his Ohio App. R. 26(B) Application to the Ohio Supreme Court. (Motion, Doc. No. 77, PageID 1435.)

2. To conduct depositions of trial counsel Cathy Adams and Jeffrey Whit and of appellate counsel Steve Wenke to show ineffective assistance of trial counsel in failing "to seek DNA testing of critical evidence and to present expert witness testimony to counter the DNA evidence presented by the state." (Motion, Doc. No. 77, PageID 1436).

3. DNA testing of "[s]everal swabs and a rubber glove containing specimens believed to contain DNA evidence were collected at the crime scene and were not tested for DNA." The testing is sought, as the Court reads the Motion, (1) to establish actual innocence sufficient to excuse procedural default of other claims per *Schlup v. Delo*, 513 U.S. 298 (1995);

-1-

        (2) to support his claim of ineffective assistance of trial counsel for his trial attorneys' failure to have these items tested;
        (3) to support his claim of prosecutorial misconduct in that the State did not have these items tested; and
        (4) apparently to support a freestanding claim of actual innocence. *Id.* at PageID 1439.

4.   "[T]o depose the prosecutors and obtain the prosecutor's files in this matter to demonstrate that the state had information material to the defense that was not disclosed at trial." *Id.* at PageID 1440.

(Decision and Order, Doc. No. 78, PageID 1441-1442.)

Some of this requested discovery was denied finally, some was granted, and some denied with permission to renew on certain conditions. *Id.* Respondent immediately moved for and was granted reconsideration (Doc. No. 79 & Not.Ord. granting).

**Positions of the Parties**

Respondent opposes the previously granted deposition of appellate counsel on the basis that Petitioner's claim of ineffective assistance of appellate counsel is procedurally defaulted and nothing counsel can add to the record could overcome that default. As to depositions of trial counsel, Respondent asserts some sub-claims were procedurally defaulted by not being presented until Petitioner's motion to amend his post-conviction. As to sub-claims decided on the merits by the state courts, Respondent asserts *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011), should be read to bar discovery.

Petitioner replies as follows:

1.   He can show cause to excuse his procedural default in appealing to the Ohio Supreme Court from denial of his Application to Reopen under Ohio R. App. P. 26(B), but will need

      discovery from the Clerk of the Ohio Supreme Court to do that.

2.     Additional DNA testing would exonerate Mr. Blevins.

3.     Petitioner's claims of ineffective assistance of trial counsel are not procedurally defaulted for reasons given in Petitioner's Reply to the Supplemental Return of Writ (Doc. No. 73). Even if they were, Petitioner can show excusing cause and prejudice from expected deposition testimony of his trial counsel.

4.     *Pinholster, supra*, says nothing about discovery.

## Analysis

**1.     Discovery to show cause and prejudice excusing failure to appeal to the Ohio Supreme Court from denial of Application to Reopen.**

In his Reply in support of his current request for discovery, Petitioner says he needs to obtain documents by written request or subpoena from the Clerk of the Ohio Supreme Court reflecting when that court received his notice of appeal of denial of his Ohio R. App. P. 26(B) Application. Petitioner attaches his own Affidavit of October 27, 2011, referring the Court to Exhibits 10 and 20 to the Traverse. Exhibit 10 is an original Notice of Appeal to the Ohio Supreme Court from the August 19, 2003, decision of the First District Court of Appeals denying the Rule 26(B) Application. (A copy of that decision is attached as Exhibit 25 to the Return of Writ, PageID 386-387.) Exhibit 10 appears to bear Mr. Blevins' original signature and two original date stamps from the Ohio Supreme Court purporting to show this document was received by the Clerk of that Court on October 3, 2003 and again on October 14, 2003. Exhibit 10 contains Mr. Blevins' Certificate that he sent it to the Ohio Supreme Court on September 24, 2003. Exhibit 13 to the Traverse is an

October 6, 2003, letter from a deputy clerk of the Ohio Supreme Court returning some documents to Mr. Blevins, presumably including Exhibit 10, and advising that his affidavit of indigency was not properly notarized because it did not show that it was signed in the notary's presence. Exhibit 14 is a letter from a different deputy clerk returning documents, again presumably including Exhibit 10, because they had not been filed within the forty-five days allowed by Ohio Supreme Court Rule of Practice II, § 2(A)(1). Attached as Exhibit 20 is an affidavit of indigency which does not indicate what court it is intended to be filed in and is not signed by Mr. Blevins (either with a full signature or by an "x") that is dated July 15, 2003, more than a month before the Court of Appeals acted on his Rule 26(B) Application.

The Court concludes that Respondent has not shown that Petitioner procedurally defaulted his ineffective assistance of appellate counsel claim by failing to file in the Ohio Supreme Court because Respondent has not shown that Ohio has a rule which it regularly enforces whereby an appeal of right, timely filed with a signed notice of appeal and memorandum in support of jurisdiction, is dismissed because the affidavit of indigency, otherwise correct in form, does not affirmatively show it was signed in the presence of the attesting notary. See *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Because there is no established procedural default, Petitioner has no need to establish excusing cause. Therefore his request to take discovery from the Clerk of the Ohio Supreme Court is denied.

**2.     Additional DNA Testing**

The Court denied additional DNA testing in its October 13, 2011, Decision and Order in part because the request "did not state any evidence to support Mr. Blevins' claim that the testing will be exonerating," but indicated such evidence might be obtained by deposing counsel (Doc. No. 78, PageID 1447). The Order also provided "[o]n any renewed request for DNA testing, Petitioner must propose a testing protocol."

Upon examination, the first trial transcript references cited (Trial Tr. 330-331) do not support any claim that new testing would be exonerating. The second reference is to testimony from a cellmate of Petitioner repeating at first Petitioner's story about someone else breaking in and then a contradictory explanation about how blood got on Petitioner's clothes (Trial Tr. 409, 411). Taken together, the references are not independent evidence that new testing would exonerate Mr. Blevins.

The other supporting material offered is a 2002 Affidavit of Daniel Krane which criticizes the DNA evidence which was actually presented at trial (Affidavit, Exhibit to Reply, PageID 1466-1467). He also avers "Had I been called as an expert witness by the defense, I or others could have run independent tests of the samples obtained from the crime scene, and sought to include or exclude Blevins as the source of said samples." Professor Krane does not indicate whether he is referring to the samples actually tested by the State or the samples sought to be tested now by Petitioner. He gives no basis for the Court to believe that testing would lead to exoneration.

No protocol for testing is included with the new request.

The renewed request for DNA testing is denied.

3.   **Depositions of Trial and Appellate Counsel**

Respondent seeks to avoid these depositions on the basis that the claims are barred by procedural default. While procedural default, an affirmative defense, has been properly pled in this case, the Court has not yet adjudicated that defense. Therefore its having been pled is no bar to the requested discovery. The Court renews permission for Petitioner to depose his trial and appellate counsel. The depositions shall be completed not later than January 31, 2012, and shall be transcribed and filed with the Court.

### 4. *Cullen v. Pinholster*

Respondent argues the decision in *Pinholster, supra,* bars all requested discovery. Petitioner replies that *Pinholster* is irrelevant to the discovery question, "as that decision did not mention discovery, the rule that covers discovery or even mention the leading Supreme Court case on the issue, *Bracy v. Gramley*, 520 U.S. 899 (1997)." (Reply, Doc. No. 81, PageID 1463.)

*Pinholster* holds that, in deciding whether a state court decision on a federal constitutional claim is an unreasonable application of clearly established Supreme Court law, a federal habeas court may not consider evidence other than that which was before the state courts when they decided the claim. It does not purport to speak to the question whether evidence may be presented on other issues, e.g., whether there is excusing cause for a state court procedural default.

On the other hand, *Pinholster* is not irrelevant to discovery in federal habeas. Rule 6 and *Bracy, supra*, require a showing of good cause to conduct discovery. There cannot be good cause to collect evidence which cannot be presented. This Court is reluctant to adopt the logic that a federal habeas action can essentially be used as a discovery device for state court litigation. In any

event, if that is what the Supreme Court meant in *Pinholster*, this Court will need more definitive guidance from the appellate courts to interpret it that way.

The Court notes that in suggesting an appropriate interpretation of *Pinholster*, Petitioner's counsel relied on Magistrate Judge King's decision in *Conway v. Houk*, 2011 WL 2119373 (S.D. Ohio May 26, 2011). Counsel failed to cite any of the fifteen reported decisions of the undersigned interpreting *Pinholster*, many of which relate to discovery and read *Pinholster* as having substantially more impact on discovery in habeas cases than Judge King's opinion. Counsel's attention is respectfully called to Ohio Rule of Professional Conduct 3.3(a)(2).

December 8, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
